IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROXANNE MARTIN,

                Petitioner,

    v.

CHRIS RANDALL,

                Respondent.

Case No. 3:25-cv-00883-HZ

OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on May 22, 2025 challenging her March 12, 2019 Clackamas County conviction for Manslaughter. This prompted the Court to issue a Scheduling Order (#6) calling for an Answer and Response from Respondent, and a supporting memorandum from Petitioner 60 days thereafter. On November 12, 2025, Respondent timely filed his Response in which he argues that Petitioner failed to file this case within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. Although Petitioner's supporting memorandum was due on January 12, 2026, she has neither filed such a brief, nor has she provided any argument to rebut the State's contention that this case is untimely.

1 - OPINION AND ORDER

"The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). The Court has independently reviewed the record in this case, and it is apparent that the AEDPA's one-year statute of limitations began to run after January 17, 2020 when Petitioner's direct appeal became final. *See* 28 U.S.C. 2244(d)(1)(A) (one-year statute of limitations begins at the conclusion of direct review); Respondent's Exhibit 107 (direct appellate judgment). The one-year statute of limitations ran unabated until November 24, 2020 when Petitioner filed for post-conviction relief ("PCR") in Washington County. *See* 28 U.S.C. § 2244(d)(2) (a properly filed PCR action tolls the AEDPA's one year statute of limitations until the PCR action and appeals have concluded). At this point, 312 untolled days had already elapsed, leaving Petitioner 53 days to file this federal habeas case.

The AEDPA's statute of limitations did not resume running until the Oregon Supreme Court denied review on December 5, 2024, and the 14-day window prescribed by ORAP 9.25(1) for seeking reconsideration of that decision expired on December 19, 2024. *See* Respondent's Exhibit 142 (order denying review); *see also Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (state court direct or collateral review concludes as of the last date for seeking any further review in state court). Although Petitioner needed to sign and deposit her Petition for Writ of Habeas Corpus for mailing on or before February 11, 2025 in order for it to be timely,[1] she did

---

[1] A pleading is deemed filed by a *pro se* prisoner on the date she delivers it to prison authorities for mailing to a federal court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

2 - OPINION AND ORDER

not do so until May 19, 2025. Because Petitioner allowed a total of 463 untolled days to elapse prior to commencing this suit, her Petition is dismissed.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus (#1) is dismissed on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

_March 3, 2026_
DATE

_Marco Hernandez_
Marco A. Hernandez
United States District Judge

3 - OPINION AND ORDER